UNITED STATES DIS-
TRICT COURT MIDDLE
DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 APR 28 PM 2:19

MIDDLE DISTRICT FLORIDA
ORLANDO, FL

FILED

Mark Andre

      Plaintiff,

6:16-CV-730-Orl-37 GJK

JURY TRIAL DEMANDED

c.1

JEH JOHNSON, Secretary, Department of Homeland Security, Transportation Security Administration, Defendant.

## COMPLAINT

Plaintiff, Mark Andre, (hereinafter "Plaintiff") hereby sues Defendant, JEH JOHNSON, Secretary of the United States Department of Homeland Security and the Transportation Security Administration (Defendant hereinafter referred to as "TSA"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit after being subjected to illegal actions by the Defendant, which are in violation of Title VII of the Civil Rights Act of 1964, including discrimination based on race (white), color (white), reprisal, and parental status.

2. Plaintiff is a resident of Orlando, Florida, and the Defendant is headquartered in Washington, D.C. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

3. Plaintiff is an individual male.

4. Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. §1391.

5. At all times material hereto, Defendant employed the requisite number of employees necessary for legal action to be brought pursuant to the Civil Rights Act of 1964, 42 U.S.C.A. §2000e.

6. Any and all other conditions precedent to the institution and maintenance of this action have been performed or waived, including her exhaustion of administrative remedies.

## FACTUAL ALLEGATIONS

7. Plaintiff began working for the TSA in March 2002. He completed Federal Air Marshal Service ("FAMS") Training in 2002, and was stationed in Philadelphia, Pennsylvania. Plaintiff transferred to the FAMS' Orlando Field Office in April 2011.

8. On or about March 23, 2014 Supervisory Federal Air Marshal ("SFAM") Rasheed Lemon issued Plaintiff a Letter of Guidance for using sick leave to care for his three small children.

9. On or about October 16, 2014 SFAM Lemon advised Plaintiff that he was extremely upset with Plaintiff as Plaintiff had reported SFAM Lemon's illegal behavior to Assistant Special Agent in Charge ("ASAC") Michael DeCicco.

10. SFAM Lemon retaliated against Plaintiff by denying leaves requests ("SF-71 forms") on multiple occasions.

14. On October 17, 2014 SFAM Lemon told Plaintiff that Plaintiff's motto was "family first" which was wrong because it did not meet the needs of the agency. SFAM Lemon was clearly retaliating against Plaintiff for reporting the denial of leave due to Plaintiff caring for his sick children. Plaintiff's use of sick leave is protected under the Family Medical Leave Act.

15. On October 17, 2014 SFAM Lemon told Plaintiff to come into his office to discuss Plaintiff's recent performance appraisal. SFAM Lemon also coordinated with a peer in an adjoining office for the peer to listen through the office wall while SFAM Lemon issued and discussed Plaintiff's performance evaluation.

16. Plaintiff's professional relationship with SFAM Lemon took a drastic change for the worse after October 16, 2014 reporting of SFAM Lemon's illegal discrimination to ASAC Michael DeCicco.

17. On October 17, 2014, SFAM Lemon falsified documentation about Plaintiff in Plaintiff's permanent employee evaluation. ASAC Michael DeCicco approved the falsified employee performance appraisal.

18. On October 17, 2014, SFAM Lemon falsified Plaintiff's performance record by reporting that Plaintiff was under investigation with an Incident Tracking Report ("ITR"). ASAC tMichael DeCicco approved the falsified employee performance appraisal.

19. On October ? 2014 SFAM Lemon falsified Plaintiff's performance record by reporting Plaintiff had been issued a subpoena for Court. Plaintiff never received a subpoena for court. ASAC Michael DeCicco approved the falsified employee performance appraisal in furtherance of their goal to discriminate and harass Plaintiff.

20. On October 17, 2014, SFAM Lemon falsified Plaintiff's performance appraisal by reporting that Plaintiff did not complete required training. ASAC Michael DeCicco approved the falsified employee appraisal in furtherance of their goal to discriminate and harass Plaintiff.

21. On November 20, 2014 Plaintiff filed a grievance regarding SFAM Lemon's falsification of documents.

22. On November 20, 2014 Plaintiff reported SFAM Lemon was inappropriately and falsely identifying himself as a "Special Agent". SFAM Lemon is not a "Special Agent"

23. On November 20, 2014 Plaintiff reported SFAM Lemon falsely stated Plaintiff was under investigation.

24. On January 15, 2015 SFAM Lemon for a second time falsified documentation about Plaintiff in Plaintiff's permanent employee evaluation. ASAC John Matthews approved the falsified employee appraisal in furtherance of their goal to discriminate and harass Plaintiff.

25. Plaintiff reported SFAM Lemon's falsification of his employee evaluation to ASAC Matthews. ASAC John Matthew's took no corrective action, nor did ASAC John Matthew's investigate the discriminatory actions against Plaintiff in the workplace and created/participated in an hostile work environment. SFAM Lemon and ASAC Michael DeCicco retaliated against Plaintiff. Plaintiff performed with exceed expectations when completing his work and did not receive the same pay as his African American co-workers. Plaintiff was retaliated against for reporting his supervisors' discrimination and continued harassment. The harassment and retaliation was an ongoing pattern of discrimination, harassment, and retaliation by SFAM Lemon and ASAC Michael DeCicco.

## COUNT I

### TITLE VII VIOLATION (RACE DISCRIMINATION)

Plaintiff reincorporates paragraphs 1 through 36 as alleged herein and further states as follows:

21. Plaintiff is a member of a protected class in that Plaintiff is a white male

22. Defendant took adverse employment action against him

23. Defendant's adverse action against the Plaintiff was based on his protected status.

24. As a direct and proximate result of the discrimination to which Plaintiff was subjected by Defendant, he has suffered and will continue to suffer pecuniary losses, emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries for which she is entitled to compensation.

WHEREFORE Plaintiff prays for the following relief:

(a) A judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute illegal discrimination in violation of Plaintiff's rights as secured by The Civil Rights Act of 1964, as amended;

(b) Back pay and front pay for a reasonable period of time;

(c) Compensatory damages in an amount to be determined at trial together with punitive damages;

(d) Costs of this lawsuit, together with reasonable expert witness fees;

(e) Prejudgment interest, as allowed by law, and post-judgment interest; and

(f) fees and costs; and,

(g) Such additional relief as may be just and proper to fully return her to the status she would have enjoyed but for the discriminatory animus of the Defendant.

## COUNT II

### TITLE VII VIOLATION (COLOR )

25. Plaintiff reincorporates paragraphs 1 through 36 as alleged herein and further states as follows:

26. Plaintiff engaged in statutorily protected expression and activities.

27. Plaintiff suffered an adverse employment action.

28. The adverse action was causally related to Plaintiff's protected activities of the Plaintiff and also the retaliatory actions taken by the Defendant.

29. As a direct and proximate result of the retaliation to which Plaintiff was subjected by Defendant, he has suffered and will continue to suffer pecuniary losses, emoitonal pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intan gible injuries for which she is entitled to compensation.

WHEREFORE Plaintiff prays for the following relief:

(a) A judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute illegal discrimination in violation of Plaintiff's rights as secured by The Civil Rights Act of 1964, as amended;

(b) Back pay and front pay for a reasonable period of time;

(c) Compensatory damages in an amount to be determined at trial together with punitive damages

(d) Costs of this lawsuit, together with reasonable attorney and expert witness fees;

(e) Prejudgment interest, as allowed by law, and post-judgment interest; a

(f) Cost and fees associated

## COUNT III
## TITLE VII VIOLATION (RETALIATION)

30. Plaintiff reincorporates paragraphs 1 through 36 as alleged herein and further states as follows:

31. Mr. Andre is a member of a protected group.

32. He was subjected to retaliation

33. Another motivating factor for the harm that has been caused to the Plaintiff was the retaliation that occurred because of Plaintiff's race.

34. The discrimination and retaliation were sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

35. The Defendant knew or should have known of the retaliation and failed to take

corrective action.

36. As a direct and proximate result of the retaliation to which Plaintiff was subjected by Defendant, he has suffered and will continue to suffer pecuniary losses, emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries for which she is entitled to compensation.

WHEREFORE Plaintiff prays for the following relief:

(a) Assume jurisdiction of this cause of action and the parties;

(b) Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by The Civil Rights Act of 1964, as amended;

(c) Order Defendant to make Plaintiff whole, as he was adversely affected by the activities described herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages;

(d) Enter an award and judgment for attorneys' fees and costs; and,

(e) Grant Plaintiff such additional relief as may be just and proper to fully return her to the status he would have enjoyed but for the discriminatory animus and retaliatory conduct of the Defendant.

### DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all issues so triable. DATED this 27 day of April 2016.

Respectfully submitted,

Mark Andre
14624 Yellow Butterfly Road
Windermere, FL 34786
(856) 404-5560