UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK ANDRE,

    Plaintiff,

    v.       Case No. 6:16-cv-730-Orl-37GJK

JEH JOHNSON, SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY, TRANSPORTATION
SECURITY ADMINISTRATION,

    Defendant.
_____/

**UNOPPOSED MOTION TO SUBSTITUTE REDACTED PAGES
INTO THE AMENDED COMPLAINT**

Pursuant to Local Rule 1.09 and 49 C.F.R. Part 1520, federal defendant, the Secretary of the Department of Homeland Security, hereby moves to replace pages 5 and 6 of the Amended Complaint (Doc. 36) with the redacted pages attached to this unopposed motion, and in support thereof states as follows:

The Amended Complaint has been reviewed by the Transportation Security Administration, which determined that pages 5 and 6 contain Sensitive Security Information (SSI) as defined by 49 C.F.R. Part 1520. Specifically, that part of the C.F.R. defines SSI to include documents "that identify persons as . . . [h]olding a position as a Federal Air Marshal." Id. at § 1520.5(b)(11)(i)(D). In order to protect the identity of non-supervisory Federal Air Marshals, defendant requests pages 5 and 6 of the Amended Complaint be replaced with the redacted pages attached to this motion, which remove the full names of air marshals who work on domestic and international

1

flights and replaces those names with their initials. While the Amended Complaint contains names of other employees of the agency, they hold supervisory positions and are not affected by the regulation cited above.

## Local Rule 3.01(g)

Pursuant to Local Rule 3.01(g), counsel for defendant contacted counsel for plaintiff about this motion, and he has no opposition to substituting the redacted pages into the Amended Complaint.

## Conclusion

For these reasons, federal defendant requests that pages 5 and 6 of the Amended Complaint be replaced with the redacted versions attached hereto.

Dated:   January 20, 2017            Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By:   /s/ Scott H. Park
Scott H. Park
Assistant U. S. Attorney
Identifying No. USA084
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7543
Facsimile: (407) 648-7588
Email:   Scott.Park@usdoj.gov

## Certificate of Service

     I HEREBY CERTIFY that on January 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participant:

Archibald J. Thomas, III
Law Office of Archibald J. Thomas, III, P.A.
Florida Bar No. 231657
4651 Salisbury Road, Suite 255
Jacksonville, FL 32256


    /s/ Scott H. Park
    Assistant U. S. Attorney

Plaintiff's potential for promotion and ability to secure special assignments.

20. Prior to being issued the revised performance evaluation, Plaintiff reported instances of discrimination to the appropriate individual at Defendant. Following this initial contact, Plaintiff reached out to SAC Gary Milano to inform him that he had made initial contact, that he was going to file a formal complaint of discrimination regarding SFAM Lemon, and appraised him of the issues underlying his complaint.

21. Shortly after discussing his complaint with SAC Milano, it was announced that SFAM Lemon would no longer supervise the squad to which Plaintiff belonged. SAC Milano took such action on the basis of, among other things, Plaintiff's concerns of discrimination.

22. During his time as Plaintiff's immediate supervisor, SFAM Lemon treated Plaintiff much differently than the personnel under SFAM's Lemon's supervision who were African-American. Indeed, these individuals received higher evaluation scores than Plaintiff and, moreover, received the greatest in position increases in pay and cash bonuses. SFAM Lemon also treated these individuals more favorably than the other persons under his supervision. The African-American Federal Air Marshall employees treated more favorably than Plaintiff included, D██ B██, J██ G██ and A██ H██. These three employees received the highest performance ratings, greatest in-position pay increases, and highest bonuses of all employees under the supervision of SFAM Lemon. Moreover, Plaintiff was treated differently than these three individuals regarding terms and conditions of employment including being held to a higher standard on his performance evaluation. While Plaintiff was unjustly criticized for his work performance by SFAM Lemon, the African-American employees were not criticized for performance deficiencies. Moreover, Plaintiff was not treated with the same dignity and respect as the African-American

employees with regard to even simple matters such as daily greetings in the office. The African-American employees were consistently greeted with handshakes or fist-bumps by Lemon while in Plaintiff's presence. Plaintiff, on the other hand, even when standing in close proximity to SFAM Lemon, would not be acknowledged. Other Caucasian employees, such as FAM D████ D████, experienced this same behavior from SFAM Lemon, including false allegations of misconduct, lower performance appraisals, and the lack of respect and acknowledgment regarding daily greetings.

23.    In addition, a picture of SFAM Lemon circulated through the Orlando field office of SFAM Lemon wearing a painted on white face, which Plaintiff and other Caucasian employees found to be offensive. Plaintiff also became aware of the fact that during this general time frame, SFAM Lemon had posted a message on a public internet site where he complained about having to deal with racism in his job as a government employee.

## COUNT I
## DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24.    Plaintiff hereby restates and realleges each and every factual allegation contained in paragraphs 1- 23.

25.    Plaintiff is the member of a protected class (race and color); was qualified for his position with Defendant; and suffered adverse employment actions between October of 2014 and January of 2015 and thereafter. In addition, Plaintiff was subjected to harassment and a hostile work environment as described, supra, due to his race and/or color. Although Plaintiff's second level supervisor and the Supervisory Air Marshall in Charge were both Caucasian, neither of these individuals took prompt remedial action to remedy Plaintiff's complaint of harassment and they were influenced to participate in the adverse actions by SFAM Lemon who possessed a discriminatory